NOT DESIGNATED FOR PUBLICATION

No. 124,290

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE ALAN JULIAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed February 25, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Probation has consequences. Jesse Alan Julian pled guilty to three counts of felony forgery and three counts of theft by deception. Julian was sentenced to 34 months in prison on the felony convictions; 36 months in jail on his misdemeanor convictions, to be served consecutively to his felony sentences; and 12 months of postrelease supervision. The district court suspended the sentence and placed Julian on supervised probation for 18 months.

Probation did not go well. At Julian's second probation revocation hearing, the district court revoked his probation, finding he had violated the conditions of his probation in multiple ways, including the commission of new crimes—possession of a

1

controlled substance, possession of stolen property, and possession of methamphetamine with intent to distribute. The district court then modified Julian's original sentence by ordering him to serve the 36-month jail sentence concurrent with the 34-month prison sentence. Julian now claims the district court abused its discretion by revoking his probation and not placing him back on probation to get treatment for his drug addiction.

We granted Julian's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond. After reviewing the record, we find no abuse of discretion and affirm.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). A district court abuses its discretion when it steps outside the framework or fails to properly consider statutory standards. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Julian has the burden to show the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Because Julian committed his crimes in June 2018, the district court was required to exercise its discretion by imposing intermediate sanctions within the statutory framework of K.S.A. 2017 Supp. 22-3716. But upon a finding by the district court of the probationer's commission of a new crime, the district court is free to bypass intermediate sanctions. K.S.A. 2017 Supp. 22-3716(c)(8)(A).

The record reflects the district court acted within its discretionary authority when it ordered Julian to serve his modified sentences. Julian concedes substantial competent evidence supports the district court's findings, and he notes no errors of law, nor does he persuade us no reasonable person would have taken the same position.

Affirmed.

2